Johnson, J
The tract of land in dispute was granted to George Evans, 23d December 1771, and continued three thousand acres. Evans conveyed to John Rutlege, and on the *303 ojth May 1818. Charles and William Rutledge, two of the sons and heirs at law of John Rutledge, then deceased, conveyed to plaintiffs, and this constituted their chain of title.
In the defence the title in John Rutledge was admitted, and the defendant gave in evidence a mortgage executed by John Rutledge to Edward Rutledge, for the .land in dispute, dated 6th March 1794, to secure the said Edward Rutledge, from the payments of debts due by John Rutledge, to a large amount, for which he was also bound. He also gave in evidence a release of the equity of redemption, dated 10th October 1801, by Charles Rutledge - and Wm. Rutledge, who afterwards conveyed to plaintiff, and John Rutledge, Frederick Rutledge, Edward Rutledge, States Rutledge, Martha Kinloch and Eliza Laurens, who were the heirs at law of John Rutledge the mortgagor, then deceased, to Henry M. Rutledge, one of the heirs at law and Executor of the last will and testament of Edward Rutledge the mortgagee, and conveying to him a fee-simple in the premises. He then produced an agreement entered into by Henry M. Rutledge, by which he defendant, was authorised to lay out and re-survey for himself 1300 acres, part of the 3000 acres, and to take a grant for the same, in his own name. This agreement was dated 19tb May 1813 and Henry M. Rutlegde, reciting this agreement, conveyed the lands to defendant, by deeds bearing date, 19th January 1822, asd a grant to defendant for 1300, dated 4th October 1813, was also produced and the title to this was the subject of dispute.— The mortgage and the release of the Equity of redemption were not recorded until the 1st of August 1814. The plaintiffs were in the actual occupancy of a considerable portion of the remainder of the fract of 3000 acres.
The plaintiffs, in reply, offered to prove, that the defendant had entered, claiming title under the heirs of Evans; but the court rejected this evidence, on the ground, that it *304 was irrelevant, as that circumstance could not divest him if he had acquired title under Henry M. Rutledge.
Under these circumstances the circuit court sustained a motion made on the part of the defendant for a nonsuit, and this was a motion to set aside the nonsuit, on the following grounds:
1st. Admitting that the parties were at the time of the trial tenants in common of the locus in quo, defendant not being so at the commencement of the action, he could not, by any subsequent act of his own, deprive plaintiffs of a remedy legal in its inception.
2nd. If plaintiffs were not entitled to recover to the extent of their claim against defendant, in the present form of action, they were still entitled to damages up to the time the defendant became tenant in common with them.
3rd. Because plaintiffs, at all events, were entitled to recover some damages; as the defendant had not pleaded to the declaration.
The heirs of John Rutledge, including those who conveyed to the plaintiffs, had before conveyed the fee to H. M. Rutledge, by releasing the equity of redemption, and he? conveyed to the defendant, which completes his chain of title. The neglect to record this release within the time prescribed by law, and the subsequent conveyance of Charles and William Rutledge to the plaintiffs constituted the foundation of their title. — Without entering into the question, whether this neglect did or did not operate as a forfeiture, pro-tanto, it may be conceded that the deed from Charles and William Rutledge operated as effectually, as if they had not before joined in the release to Henry M. Rutledge. The whole number of the heirs at law of John Rutledge being eight, the plaintiffs would be entitled to two undivided" eighths of the tract of three thousand acres, and the defendant to the remaining six eighths. The parties are then tenants in common, in that proportion; the defendants in *305 respect to the 1300 acres, and the plaintiff in reference to the whole tract.
The facts that they were such, and the legal concia^ sion, that one tenant in common cannot maintain an action of trespass to try titles against his co-tenant, without an actual ouster, has been frequently laid down by this court, and is not controverted in the grounds of the motion,, It is assumed, however, that this state of things did not exist at the time the action was brought, and not until the conveyance, from (Henry M. Rutledge, to defendant in 1822, which was subsequent to the commencement of the suit, and the right to recover for the trespass, preceding that time, is the basis of the first and second grounds of the motion.
In this assumption of facts, the agreement between Henry M. Rutledge and the defendant, who then stood in the same relation to the plaintiffs, that the defendants now do, has been overlooked. This agreement bears date in 1813, and long before the commencement of the action ; and whether we regard its literal import or its spirit and meaning, it conferred on the defendant a right to eiiter and hold to the use of Henry M. Rutledge; and entering under his authority he cannot be regarded as a trespasser. It is not pretended that he committed any trespass anterior to that time.
The case had been standing on the issue docket for several terms. The state of the pleadings were not brought to the view of the circuit court, until after the trial was gone through, and it was put to the Jury as an issue between the parties, and it would be trifling with the court to permit the plaintiff now to take advantage of an irregularity to which he was at least accessory.
Motion refused.